

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CARIBBEAN INDUSTRIAL PRODUCTS, LLC and STONE HARPER, Plaintiffs, | § § § § | |
| vs. | § | CIVIL ACTION NO. 6:16-03441-MGL |
| ALLEN FILTRATION, LLC, Defendant. | § § § § | |

**ORDER GRANTING REQUEST FOR DEFAULT JUDGMENT**

This is a declaratory judgment action. The matter is before the Court on the request of Plaintiffs Caribbean Industrial Products, LLC (CIP) and Stone Harper (Harper) (collectively, Plaintiffs) for a default judgment. The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Having reviewed the allegations of the Complaint, the record, and the applicable law, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiffs filed the Complaint in this action on October 19, 2016. ECF No. 1. As set forth in the affidavit of service filed with the Court, Defendant Allen Filtration, LLC (Defendant) was served with a copy of the Summons, Complaint, and Mandatory Disclosures on December 21, 2016. ECF No. 6.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant was required to file and serve its Answer to the Complaint no later than January 11, 2017. As of the date of filing of Plaintiffs' request for default judgment, April 18, 2017, no responsive pleading had been filed or served.

CIP alleged in its Complaint it is a South Carolina limited liability company and Harper is a resident of Greenville, South Carolina and is the sole member of CIP. ECF No. 1 ¶¶ 2-3. As set forth in the declaration of Harper in support of the request for default judgment, Plaintiffs brought this action in response to correspondence received by Plaintiffs in South Carolina from Defendant threatening to bring a lawsuit to enforce an alleged contract dated April 15, 2016, between Defendant and CIP and to hold Harper personally liable for payment of damages under a theory Harper was the alter ego of CIP. ECF No. 13-3. The amount Defendant claimed to be entitled to was in the principal amount of Three Million, Five Hundred Six Thousand, Five Hundred Fifty and no/100 Dollars ($3,506,550.00). *Id.*

In the Complaint, Plaintiffs allege the contract is invalid on the factual ground it was signed without authority from CIP, and, upon information and belief, Defendant knew the person signing the contract was unauthorized to do so. ECF No. 1 ¶ 9. Plaintiffs further claim the deposit called for upon the signing of the contract was not made. *Id.* ¶ 11. Therefore, there was no consideration given to support the contract. Also, Harper sought relief on the ground he is not personally liable under the alleged contract because he is not a party to the alleged contract and should not be held individually liable for damages under such contract were it found to be enforceable as to CIP. *Id.* ¶ 12.

## **CONCLUSIONS OF LAW**

"Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 16 n.14 (1983) (citation omitted) (internal quotation marks omitted). In the threatened litigation, as well as

this one, there is complete diversity between each plaintiff and Defendant, and the amount in controversy is in excess of $75,000.00. *See* 28 U.S.C. § 1332. Furthermore, there is a "case of actual controversy" before this Court. *Id.* § 2201. Because of the direct threat of litigation received by Plaintiffs, they have an objective and reasonable apprehension of future litigation, which is of sufficient immediacy and reality, that a declaration of legal rights "will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996). Therefore, declaratory relief is appropriate for this case. And, the ability of the Court to grant a default judgment in a declaratory judgment action regarding rights under a contract is clear. *See Pa. Nat'l Mut. Cas. Ins. Co. v. Roberts*, 668 F.3d 106, 110 (4th Cir. 2012); *Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

In light of Defendant's default, Plaintiffs have requested a declaratory judgment holding the alleged contract between Defendant and CIP is unenforceable based upon the factual ground the person signing the contract purportedly on behalf of CIP lacked the authority to do so, and Defendant knew the signer of the purported contract was unauthorized to do so. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal quotation marks omitted).

## **CONCLUSION**

Because Defendant failed to respond to the Complaint, the well-pleaded allegations of fact set forth in the Complaint are admitted. Therefore, it is the judgment of this Court Plaintiffs' request for default judgment is **GRANTED**, and the Court **DECLARES** the purported contract between Defendant and CIP dated April 15, 2016, is void because the person signing the contract on

behalf of CIP was not authorized to do so, and Defendant knew the person signing the alleged contract on behalf of CIP was not authorized to do so.

Accordingly, it is further **ORDERED** the Clerk is **DIRECTED** (i) to enter default judgment in favor of Plaintiffs against Defendant, pursuant to Fed. R. Civ. P. 55(b)(2); (ii) to send a copy of this Order to all counsel of record and to the registered agent for Defendant; and (iii) to place this matter among the ended causes.

**IT IS SO ORDERED.**

Signed this 20th day of April, 2017, in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATE DISTRICT JUDGE