

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CARIBBEAN INDUSTRIAL PRODUCTS, LLC and STONE HARPER, Plaintiffs, | § § § § | |
| vs. | § | CIVIL ACTION NO. 6:16-03441-MGL |
| ALLEN FILTRATION, LLC, Defendant. | § § § § | |

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT**

**I. INTRODUCTION**

This is a declaratory judgment action in which Plaintiff asks this Court to declare there is no valid contract concerning Defendant building an oil processing plant for Plaintiff. The matter is before the Court on the motion of Defendant Allen Filtration, LLC (Defendant) to set aside the default judgment entered in favor of Plaintiffs Caribbean Industrial Products, LLC (CIP) and Stone Harper (Harper) (collectively, Plaintiffs) pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Defendant's motion.

**II. PROCEDURAL HISTORY**

The procedural facts set forth here are uncontested. Plaintiffs filed this action on October 19, 2016. Prior to the commencement of this matter, on August 19, 2016, Jerry Nichols

(Nichols), President of Defendant, suffered a stroke. Consequently, from August 2016 until February 2017, Nichols was unable to drive and required assistance with reading documents. Additionally, the stroke affected Nichols' memory and speech, and he was unable to keep up with his workload. Subsequent to Nichols' stroke, Defendant sent letters to Plaintiffs threatening suit for an alleged breach of contract.

After Plaintiffs filed the Complaint in this case, but before they served it, Plaintiffs' counsel spoke via telephone with John Hammons (Hammons), counsel for Defendant in Missouri. During that conversation, Hammons advised he knew the Complaint had been filed in this Court. Plaintiffs' counsel, however, does not recall Hammons offering to accept service or that ever being discussed.

On December 21, 2016, Plaintiffs served Roy Chung (Chung), Vice-President of Defendant, with the Summons and Complaint. Plaintiffs filed an Affidavit of Service, attesting they served Chung on that day. Chung states he is unable to recall being served or signing for the Summons and Complaint, but avers if he did receive them, he would have put them unread on Nichols' desk. On December 22, 2016, Defendant closed for the holidays and reopened on January 3, 2017. Defendant's deadline to respond to the Complaint was January 11, 2017.

On January 17, 2017, this Court ordered Plaintiffs to file a status report addressing Defendant's failure to respond to the Complaint by the January 11, 2017, deadline. Plaintiffs responded by advising the Court they had failed to receive an answer or a request for extension and would file a request for entry of default. Plaintiffs filed their request for entry of default on January 30, 2017, and the Clerk of Court entered default on January 31, 2017.

Plaintiffs filed their request for entry of a default judgment on April 18, 2017, and the Court entered default judgment on April 20, 2017, at which time the Clerk of Court mailed a

copy of the default judgment to Defendant's registered agent. Defendant then filed its motion to set aside the default judgment on May 31, 2017, to which Plaintiffs filed a response and Defendant filed a reply. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

### III. CONTENTIONS OF THE PARTIES

In Defendant's motion, it claims its motion is timely in that it filed the motion on May 31, 2017, well within the one-year time limit established by Rule 60. Defendant also contends it has a meritorious defense of breach of contract against CIP and a meritorious defense of quantum meruit against Harper. Further, given the early stage of this lawsuit, Defendant urges Plaintiffs will suffer no prejudice if the declaratory judgment is set aside. Finally, Defendant maintains excusable neglect constitutes a ground for relief in this case. Defendant points to Nichols' stroke and his inability to conduct his normal office activities in support of this position and also notes the office closing for the holidays as an additional ground for excusable neglect. Defendant argues it bears no responsibility for its default due to circumstances purportedly beyond its control.

Plaintiffs maintains the Court should not grant Defendant's motion.

### IV. DISCUSSION AND ANALYSIS

"[T]o obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must

then satisfy one or more of the . . . grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id.*

"[U]nder Rule 60(b)(1), a party must show the existence of mistake, inadvertence, surprise, or excusable neglect as a ground for relief" to obtain relief from a judgment. *Id.* "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010).

"[D]efault judgments pit the court's strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir.1997). Nevertheless, "where default judgments are at issue, over the years [the Fourth Circuit] has taken an increasingly liberal view of Rule 60(b)." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988).

The Court entered its Order granting Plaintiffs' request for entry of default judgment on April 20, 2017, and Defendant filed its motion to set aside the default judgment on May 31, 2017. Rule 60(c) provides "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c).

The United States Court of Appeals for the Fourth Circuit has held a defendant's motion for relief under Rule 60(b) was timely where it filed the motion within five months of the date the default judgment was entered and within fifteen days of the date that it learned of the judgment. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). However, the Fourth Circuit has also determined certain Rule 60(b) motions were untimely when the delay

in filing was three to four months or more. *See McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (holding a delay of three to four months was untimely absent valid reason for the delay); *Wittenberg v. First Indep. Mortg. C*o., 599 F. App'x 463, 471 (4th Cir. 2013) (holding a delay of nine months was untimely because movant offered no compelling reason for the delay); *Robinson v. Jones*, 21 F.3d 424, 424 n.\* (4th Cir. 1994) (holding a delay of seven months was untimely because the appellant "failed to provide a valid reason for delay"). *But see Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002) (holding a delay of four months to be timely "[g]iven the international status of the parties, the multiple and duplicative lawsuits filed by [the plaintiff] against appellees, and the fact that the motion was based on a void judgment").

Here, Defendant filed its motion to set aside the default judgment forty-one days after the date the default judgment was entered. Additionally, as will be seen more fully below, Defendant has provided a valid reason for delay. Consequently, the Court holds Defendant made its motion within a reasonable time.

The Court must next consider whether Defendant has a meritorious defense to the action. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp*., 843 F.2d 808, 812 (4th Cir. 1988).

Plaintiffs concede in their response to Defendant's motion that if Defendant had not gone into default, Defendant would have been allowed to present evidence to support a breach of contract claim against CIP. The Court thus holds Defendant has a meritorious defense on the contract claim. The Court also concludes Defendant has sufficiently presented the Court with facts such that it has a meritorious defense of quantum meruit against CIP. Thus, Defendant has

a meritorious defense to the action and meets the second requirement under Rule 60(b).

Next, the Court evaluates whether Plaintiffs would be unfairly prejudiced by having the default judgment set aside. Plaintiffs fail to argue they would suffer unfair prejudice if the default judgment were set aside. Hence, with no argument to the contrary, the Court holds, given the early stage of this lawsuit, Plaintiffs will not be unfairly prejudiced.

The Court now turns to Defendant's argument it has shown excusable neglect sufficient to warrant the setting aside of the default judgment under Rule 60(b)(1). Defendant points to Nichols' stroke, his inability to read without assistance, his memory loss, and his inability to drive in support of its position it can establish excusable neglect and show it has a good reason for failing to respond to the Complaint. Defendant also seeks to utilize the holiday office closing to show excusable neglect because there was allegedly no access to the Summons and Complaint from December 22, 2016, until January 3, 2017.

As set forth above, prior to service of the Summons and Complaint, Defendant's counsel in Minnesota, Hammons, advised Plaintiffs' counsel he knew the Complaint had been filed. Then, on December 21, 2016, Plaintiffs served Chung with the Summons and Complaint. Although Chung is unable to recall being served or signing for the Summons and Complaint, he states if he did receive them, he would have put them unread on Nichols' desk.

In the communications between the parties and between Plaintiffs' counsel and Hammons, it is undisputed Defendant evidenced an intent to pursue litigation regarding the allegedly breached contract at issue. Although Defendant failed to file an answer to the Complaint, Defendant indicated its intent to either bring its own case or to defend Plaintiffs' case and assert counterclaims.

In light of all the circumstances described herein, as well as the Court's strong preference

to decide this action on the merits, the Court holds Defendant has shown excusable neglect sufficient to warrant the setting aside of the default judgment under Rule 60(b)(1), given Nichols' stroke and the events that flowed from it. The countervailing interests in finality and in preserving the Court's ability to control its docket are, although important, an insufficient basis to convince the Court this is not the most judicious route to take.

In Plaintiffs' response, they request Defendant be required to pay Plaintiffs' fees and costs in opposing Defendant's motion. The Fourth Circuit has approved this route when appropriate. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010) (noting the court should consider the availability of sanctions "less drastic" and indicating an award of attorney's fees and costs to the party opposing the motion to set aside may be appropriate). As such, the Court will entertain an appropriate motion from Plaintiffs for their attorney's fees and costs in opposing Defendant's motion to set aside the default judgment.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Defendant's motion to set aside the default judgment is **GRANTED**. The Court hereby directs the Clerk of Court to set aside the default judgment, ECF No. 15, and vacate the Court's prior Order granting default judgment, ECF No. 14. The Court further asks this case be re-opened.

Within twenty-one days from the date of entry of this Order: Defendant shall file its Answer to Plaintiffs' Complaint, Plaintiffs shall file their motion for attorney fees and costs if they wish to do so, and the parties shall submit a consent amended scheduling order for the Court's consideration.

**IT IS SO ORDERED.**

Signed this 12th day of January, 2018, in Columbia, South Carolina.

                                        s/Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATE DISTRICT JUDGE